UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MICHELLE SATTERWHITE,** | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **BLUESTEM BRANDS, INC. d/b/a FINGERHUT,** | |
| | **(Unlawful Debt Collections Practices)** |
| Defendant. | |

## COMPLAINT

MICHELLE SATTERWHITE ("Plaintiff"), by and through her counsel, Kimmel & Silverman, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("DEFENDANT"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Michigan and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing Detroit, Michigan.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a lender with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie MN 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in or before February 2015, Defendant began placing repeated harassing telephone calls to Plaintiff.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew that Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as there was a noticeable delay before she would speak with a representative.

15. Defendant's telephone calls were not made for "emergency purposes."

16.     In April 2015, Plaintiff revoked any consent previously given to Defendant to place telephone calls to her cellular telephone number.

17.     Thereafter, Defendant ignored Plaintiff's revocation and continued to call through October 2015.

18.     Eventually, in order to stop receiving harassing telephone calls from Defendant, Plaintiff downloaded a call blocking application on her mobile devise.

### DEFENDANT VIOLATED THE
### TELEPHONE CONSUMER PROTECTION ACT

19.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

21.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22.     Defendant's calls to Plaintiff were not made for emergency purposes.

23.     Defendant's calls to Plaintiff, after April 2015, were not made with Plaintiff's prior express consent.

24.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, MICHELLE SATTERWHITE, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MICHELLE SATTERWHITE, demands a jury trial in this case.

Respectfully submitted,

Dated: May 3, 2017

By: /s/ Amy L. B. Ginsburg
Amy L. B. Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888 ext. 105
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT